IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action **No. 08-cr-183-JLK**
Civil Action **No. 11-cv-1177-JLK**

**UNITED STATES OF AMERICA,**
    Plaintiff/Respondent,
v.

**MICHAEL FRANCIS BROEMMEL**
    Defendant/Petitioner.

---

ORDER

---

Kane, J.

This matter is currently before me on Defendant/Petitioner's Motion for Recusal (civ. doc. 43, crim. doc.34), his Motions for Preliminary Injunction, (civ. docs. 44, 45, 46, 47, and 48), and his Motion to Reconsider Judgment (civ. doc. 49). Based on the forthcoming discussion, these motions are DENIED.

*Motion for Recusal*

Defendant/Petitioner argues that my conduct in these proceedings reveals either infirmity or inappropriate bias requiring my recusal from his criminal and civil cases. Although I appreciate Defendant/Petitioner's concern for my mental health and acuity, those concerns cannot justify the relief he seeks. Accordingly, I focus my attention on whether he has sufficiently established inappropriate bias.

Two statutory provisions govern judicial disqualification: 28 U.S.C. § 455 and 28 U.S.C. § 144. Under 28 U.S.C. § 144, I must recuse if Defendant/Petitioner files a "timely and sufficient affidavit" establishing that I have a personal bias or prejudice against him, or in favor

of Plaintiff/Respondent.  28 U.S.C. § 144, applied in *Winslow v. Lehr*, 641 F. Supp. 1237 (D. Colo. 1986)(Kane, J.).  Although all factual allegations in an affidavit filed under § 144 must be presumed true, the presumption is not irrebutable.  Defendant/Petitioner's affidavit is to be "strictly construed against [him] and there is a substantial burden on [him] to demonstrate that [I am] not impartial."[1]  *SEC v. Solv-Ex Corp.*, 164 F. Appx. 765, 766 (10th Cir.2006) (citing *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir.1992)).  "The bias charged must be of a personal nature and must be such as would likely result in a decision on some basis other than what the judge learned from his participation in the case."  *Id.* (quoting *United States v. Irwin*, 561 F.2d 198, 200 (10th Cir.1977 )).

Under 28 U.S.C. § 455, there is a "considerably broader scope for claims of prejudice and bias."  *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir.1988).  Recusal is appropriate where my impartiality "might reasonably be questioned," or where I have "a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a), (b)(1).  No affidavits are required.  *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987).  Under this statute, I must recuse when there is the appearance of bias, regardless of whether there is actual bias.  *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir.2002).  The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about my impartiality.  *Id.*  Significantly, however, my prior adverse rulings are not sufficient to show prejudice or warrant recusal under any standard.  *See United States v. Grismore*, 564 F.2d 929 (10th Cir.1977).

As evidence of impermissible bias, Defendant/Petitioner cites numerous examples of

---

[1] Although Defendant/Petitioner has not actually filed an affidavit in this case, I have liberally construed his request for recusal as a sworn statement and apply these standards to that filing.

Case 1:08-cr-00183-JLK Document 38 Filed 04/11/12 USDC Colorado Page 3 of 8

allegedly improper behavior or actions. I address each argument *seriatim*.

(1) Delay in Proceedings

Defendant/Petitioner argues that the "dilatory manner" with which I have presided over these proceedings reveals bias. Specifically, he cites the four month delay between the filing of his Brief in Support of Habeas Corpus (civ. doc. 26) and my order construing that pleading as an Amended Petition for Habeas Corpus and ordering additional briefing (civ. doc. 29). Isolated delay in and of itself does not, however, suggest prejudice. Although regrettable, such delay is a product of this court's heavy caseload, as Defendant/Petitioner acknowledged in a letter to the court on January 20, 2012. In fact, other than the complained of delay, all other motions and pleadings have been addressed in a timely manner.

(2) The Supervised Release Revocation Proceedings

Defendant/Petitioner next argues that my conduct preceding and during his supervised release revocation proceedings suggests impermissible bias. These arguments formed one basis for his direct appeal of my revocation of his supervised release. *See United States v. Broemmel*, 428 Fed. Appx. 832, 836-37 (10th Cir. 2011). Defendant/Petitioner specifically complains of my statement regarding his need to ensure the appearance of his retained counsel and that counsel's failure to appear at his supervised release revocation hearing. Essentially, he argues I gave him incorrect information then made light of the consequences. Accepting these allegations as true, they do not establish or suggest impermissible bias. Even if ill-advised, there is no evidence that the complained of statements were made with ill-intent.

(3) "Impermissible Ex Parte Communications"

Defendant/Petitioner next argues that my ex parte communications with the Bureau of

Prisons during the pendency of his case evidences an impermissible bias. Despite his best efforts to cast these communications in a sinister light, however, these interactions relate to routine effectuation of established Bureau of Prisons' procedures. In its consideration of Defendant/Petitioner's request for a nunc pro tunc designation, the Bureau of Prisons seeks the position of the sentencing judge. The complained of ex parte communications are a necessary result of Defendant/Petitioner's administrative request and concommittant legal challenge. They are not evidence of any bias or prejudice.

(4) Adverse Determination of Habeas Corpus Petition

Defendant/Petitioner argues that my adverse determination of his habeas corpus petition evidences bias and/or prejudice. This argument is completely without merit. It is well-settled that adverse rulings "cannot in themselves form the appropriate grounds for disqualification." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992).

(5) References to and Personal Adoption of the Rulings of Others as my Own

Finally, Defendant/Petitioner argues that my repeated reference to orders of Magistrate Judge Boland as my own is "troubling." Although this could suggest infirmity, megalomania, or most likely oversight, it is not evidence of bias or prejudice.

These arguments, considered individually and cumulatively, do not support a finding of either actual or perceived prejudice or bias. In fact, upon consideration of the entire record, a party would be more likely to remark upon the solicitousness with which I have treated Defendant/Petitioner. Throughout his criminal and civil proceedings, I have attempted to help Defendant/Petitioner by suggesting courses of action. As an example, in denying his motion to serve his state and federal sentence concurrently, I advised Defendant/Petitioner to seek

administrative and, if necessary, habeas corpus relief.  That suggestion led to the filing of the instant habeas corpus petition.

Absent any evidence of actual bias or an appearance of bias upon consideration of all the facts, there is no basis for my recusal in this case and Defendant/Petitioner's Motion for Recusal (civ. doc. 43, crim. doc. 34) is DENIED.

*Motion for Preliminary Injunction*

Although styled as a motion for preliminary injunction, I liberally construe Defendant/Petitioner's pleading as a motion for stay pending appeal.[2]  Despite the difference in nomenclature, the same legal standard applies in both circumstances.  To prevail on this motion, Defendant/Petitioner must establish: "(a) the likelihood of success on appeal; (b) the threat of irreparable harm if the stay or injunction is not granted; (c) the absence of harm to opposing parties if the stay or injunction is granted; and (d) any risk of harm to the public interest." *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996) (quoting 10th Cir. R. 8.1).  I address each element *seriatim*.

(a) Likelihood of Success on Appeal

Defendant/Petitioner raises no new arguments in support of this element; instead, he rehashes arguments that I, and in some cases the Tenth Circuit, have already considered and rejected.  *See* Order Denying Petition for Habeas Corpus (civ. doc. 41); *United States v. Broemmel*, 428 Fed. Appx. 832.  Absent new argument, I find it unlikely that Defendant/Petitioner will prevail on his appeal.  This factor weighs against a stay.  Although this

---

[2] Although Defendant/Petitioner has not yet filed an appeal of my denial of his petition for habeas corpus relief, I will resolve this motion to avoid any undue delay.

factor is dispositive, in an abundance of caution I consider the additional factors as well.

(b) Threat of Irreparable Harm

Absent a stay, Defendant/Petitioner will be subject to an eight month sentence for violating his supervised release. The deprivation of liberty is a grievous harm, indeed. Accordingly, this factor weighs in favor of a stay;

(c) Absence of Harm to Opposing Parties; (d) Risk of Harm to Public Interest

Because Defendant/Petitioner's appeal arises from his conviction and incarceration for a criminal prosecution, the opposing party in this case is the public at large. Notwithstanding Defendant/Petitioner's arguments to the contrary, the public has a significant interest in his punishment for violating his supervised release. If he were to be released pending completion of his appeal, the significance of that punishment would be compromised. Accordingly, the factor weighs against a stay.

Because I find that Defendant/Petitioner is unlikely to prevail on the merits of his appeal and that the public's interest in effectuating the terms of his conviction and sentence weigh strongly against entry of a stay, Defendant/Petitioner's Motions for Preliminary Injunction (civ. docs. 44, 45, 46, 47, and 48) are DENIED. Defendant/Petitioner is advised, however, that should he elect to file an appeal with the Tenth Circuit he may also file a request for stay pending appeal with that court pursuant to Fed. R. App. P. 8.

*Motion to Reconsider Judgment*

Finally, Defendant/Petitioner seeks reconsideration of my order denying his petition for habeas corpus relief pursuant to Federal Rule of Civil Procedure 59. In order to justify

reconsideration, Defendant/Petitioner must establish either: (1) an intervening change in the controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Defendant/Petitioner focuses his argument on the third justification. His first two arguments, that I erred in denying his procedural and due process claims, provide no basis for the relief he requests. He provides no new evidence or argument to support reconsideration of these decisions. To the extent he argues these rulings are contrary to law, his relief lies in a direct appeal.

His third argument, that I failed to consider the entire record in reaching my decision, is not on its face without merit.[3] Defendant/Petitioner properly notes that I failed to specifically address the claims in his original Application for a Writ of Habeas Corpus (doc. 5) as originally numbered and presented. That failing was, however, one of form and not of substance. The claims contained in Defendant/Petitioner's original petition were re-raised in his Amended Petition for Habeas Relief (doc. 26). To the extent his original petition contained arguments unrepeated in the amended petition, those arguments were considered in denying Defendant/Petitioner's habeas petition.

*Conclusion*

Mr. Broemmel's habeas petition, and the attendant proceedings, are based on a procedural anomaly. Because he appeared for sentencing on his supervised release violation

---

[3] I do note, however, that I cannot find any dicta stating or implying that I only considered Defendant/Petitioner's amended petition in denying his petition for habeas relief.

before the state court sentenced him for the offense giving rise to the supervised release violation, I believed it improper to address whether his federal sentence should be served concurrently or consecutively with his state sentence.  A recent Supreme Court opinion has allayed those concerns, *see Setser v. United States*, No.  10-7387 (March 28, 2012); in future cases I will make clear my belief that in most circumstances a sentence for a supervised release violation must be served consecutively with a sentence for the offense giving rise to the violation to ensure that a defendant is separately consequenced for committing the new law violation and for violating his supervised release.

Nonetheless, the fact remains I did not voice that belief at Defendant/Petitioner's sentencing, and he was entitled to seek a *nunc pro tunc* designation of his state facility for service of his federal sentence via the Bureau of Prisons' established administrative procedures. Defendant/Petitioner has done so, the Bureau of Prisons has exercised its discretion and denied that petition, and I have thoroughly reviewed Defendant/Petitioner's challenge of that denial.

Defendant/Petitioner has been afforded a careful, considerate review of his claims.  That is all the process he is due, and he must now accept personal responsibility for the actions which initiated this entire process.  To the extent he disagrees with the factual and legal basis for my decision, any relief lies with the Tenth Circuit Court of Appeals.

Dated: April 11, 2012                                        BY THE COURT:
                                                                              **/s/ John L.  Kane**
                                                                              Senior U.S. District Court Judge